UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NEW YORK 10007-1581
(212) 805-6325

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  9/24/08
```

CHAMBERS OF
COLLEEN McMAHON
UNITED STATES DISTRICT JUDGE

24 September 2008

TO:         All Counsel in Levy v. Koren, 07 Civ. 896 (CM)

FROM:       Judge McMahon

RE:         My memorandum of September 22 and your responses thereto

Counsel:

I have received both of your responses.

First, I note that neither side suggests that I (or my husband) has any financial interest in any party to the case or in the outcome of the case, which would require my recusal under the relevant Canons of the Code of Judicial Conduct. My inquiries do not reveal any such financial interest, either. Therefore, the only issue is whether my remaining on this case would create some appearance of impropriety in the mind of a reasonable person.

Defendant does not suggest that my ruling on the pending motion would create an appearance of impropriety. If I understand defendant's concern, it is that persons affiliated with my husband's former employer, who used to report to my husband when he worked there, might eventually be called as witnesses to testify about Mr. Koren's role in recommending and executing investments of the joint venture companies. According to defendants, the issue of their testimony would only arise if the court denied the pending motion for summary judgment. I assume that defendant is suggesting that my hearing this testimony would create an appearance of impropriety, although he does not come out and say so.

I do not understand what relevant and material testimony these potential witnesses might give. While your Rule 56.1 statements differ in their description of the precise nature of Mr. Koren's investment activity at the Comsor Companies – defendant says that he, through CIL, recommended investments for Comsor and oversaw their performance, while plaintiff insists that defendant, through CIL, "identified, analyzed, recommended, negotiated and executed venture capital investments" – both sides agree that Mr. Koren was involved in investment activites of the Comsor Companies. We do not require testimony from representatives of Soros to shed any light on that undisputed issue.

The *material* issue in this case is whether Mr. Koren's investment activites at Comsor Companies – however they are characterized (and frankly, there is very little practical difference between the parties' characterizations) – qualify defendant as an "officer" of Comverse for 16(b) purposes. That appears to turn on whether Mr. Koren's activity at the Comsor Companies gave him a policy-making function *for Comverse*. Nothing in the letter from Mr. Koren's counsel suggests that the Soros employees, by virtue of the interaction with Mr. Koren through the Comsor joint investment vehicles, would have any information relevant to *that* issue. Defendant has not suggested that people who work for Soros are in a position to give testimony about whether the Comsor Companies are "principal business units" of Comverse; or whether defendant's activities on behalf of the Comsor Companies constitute "policy-making" for Comverse, the issuer; or whether defendant engaged in other activites for Comverse, not related to Comsor, that qualify as "policy-making." Such testimony, it seems to me, could only come from people at Comverse – not people outside of Comverse who entered into a business venture with Comverse. The Soros "witnesses" would appear to have only hearsay knowledge about those matters, if indeed they have any knowledge at all.

Just as a judge has an obligation to recuse herself if she knows of an issue that would give rise to an appearance of impropriety, she has an obligation not to recuse herself when there is no such issue, or when a suggested appearance of impropriety is unreasonable. At this point in time, no one has asked me to recuse myself and I perceive no reason why I should do so. Defendant suggests that I may someday be asked to pass on the credibility of persons who used to work for my husband, but as of now, defendant has not pointed to any testimony those persons could give that would be relevant to a disputed issue of material fact. Again, if defendant has information that I do not in this regard, he should get it to me – with lots and lots of specificity – and should do so immediately.

I do not want anyone to suggest that my decision on the pending motion, should I complete it, was dictated by any desire to avoid coming to grips with the issue of the potential Soros employee testimony.[1] That is why, if defendant (or for that matter, plaintiff) has any additional information about testimony from someone who is or was at Soros, which would be relevant to a disputed material issue of fact in this case, he needs to provide me (and the other side) with detailed information immediately. And if anyone believes that I should recuse myself, he should come out and say so, and explain why, with no pussyfooting around.

---

[1] Just so you know, I have undoubtedly been introduced to the gentlemen named in the letter – Mr. Bilzerian's name is familiar to me – but I would not know either of them if he walked into my courtroom. My husband might well believe that passing on the testimony of his former employees would create an appearance of impropriety, but as my esteemed late colleague, former Chief Judge Charles L. Brieant, used to say, judges' spouses do not decide cases.