UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
MARK LEVY,

                 Plaintiff,        :    No. 10 CV 01478 (NGG) (RER)

                 v.          :

YAACOV KOREN and JOHN DOES 1-20   :

             Defendants,   :
     -and-
                         :

COMVERSE TECHNOLOGY, INC.
                         :
           Nominal Defendant.
-------------------------------------------------------------------x

## STIPULATION OF SETTLEMENT

     WHEREAS, plaintiff Mark Levy ("plaintiff or "Levy"), a shareholder of

Comverse Technology, Inc. ("Comverse" or the "Company"), brought an action (the "Action")

in the United States District Court for the Southern District of New York, *Levy v. Koren and*

*John Does 1-20*, No. 07-CV-896 (AKH)(DCF), pursuant to Section 16(b) of the Securities

Exchange Act of 1934 (the "Exchange Act"), to recover so-called "short-swing profits" allegedly

obtained by defendant Yaacov Koren ("Koren" or the "defendant") and John Does 1-20, in

connection with the exercise and sale of stock options issued by Comverse;

     WHEREAS, the defendant denies any wrongdoing whatsoever and this

Stipulation of Settlement ("Stipulation") shall in no event be construed or deemed to be evidence

of an admission or concession on the part of defendant with respect to any claim or of any fault

or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the

defendant has asserted.  Levy, Comverse and Koren (collectively, the "Parties") recognize,

however, that the Action has been filed by plaintiff and defended by defendant with adequate

basis in fact under Rule 11 of the Federal Rules of Civil Procedure, and that the Action is being

voluntarily settled after advice of counsel and negotiation between counsel for the Parties;

WHEREAS, Comverse and defendant each moved to dismiss Plaintiff's Amended

Complaint on July 6 and August 27, 2007, respectively; Judge Colleen McMahon denied the

motions and directed the Parties to conduct discovery on the issue of whether defendant was an

"officer" under Section 16(b) of the Exchange Act;

WHEREAS, the Parties conducted limited discovery and discovery disputes were

resolved by the Court, and following completion of such discovery, Comverse and defendant

each moved for summary judgment on January 15, 2008; plaintiff opposed summary judgment;

WHEREAS, in April 2006, prior to the commencement of the Action, a

shareholder derivative action was brought on behalf of the Company in the United States District

Court for the Eastern District of New York (the "Federal Derivative Action"), alleging that

certain defendants (other than Koren) improperly engaged in, approved, and/or benefited from

the "backdating" of stock option grants which allegedly caused damage to the Company; the

Derivative Action was consolidated with other shareholder actions on October 6, 2006, and a

consolidated, Amended and Verified Shareholder Derivative Complaint was filed entitled *In re*

*Comverse Technology, Inc.*, No. 06-CV-1849 (NGG)(RER), which is pending before the

Honorable Nicholas Garaufis;

WHEREAS, on September 22, 2006, Magistrate Judge Ramon Reyes issued an

order in the Federal Derivative Action directing that "[e]ach newly-filed or transferred

shareholder derivative action that arises out of the subject matter of the Derivative Litigation

shall be consolidated with the Derivative Litigation  . . . ."

WHEREAS, on February 16, 2007, the Lead Plaintiff in the Federal Derivative Action filed a letter with the Court asserting that the Action should be consolidated with the Derivative Action; Magistrate Judge Reyes determined that the Court would take no action on that letter;

WHEREAS, on December 22, 2009, Lead Plaintiff in the Federal Derivative Action filed a proposed Stipulation of Settlement with the Court that purports to release, among other things, "any statutory . . . claims . . . under federal law . . . including insider trading . . . that were asserted or could have been asserted in the Derivative Actions by Comverse, Plaintiffs, or any Comverse Shareholder, derivatively on behalf of Comverse . . . .";

WHEREAS, following the settlement of the proposed Federal Derivative Action the Parties engaged in settlement negotiations among themselves and determined that it was in the interest of all Parties to simultaneously resolve all shareholder claims that were brought for the benefit of the Company relating to the grant of stock options and to transfer the Action so that it can be coordinated with the Federal Derivative Action for purposes of settlement only, as judicial and other economies would be achieved by conducting a single coordinated fairness hearing and issuing a single notice of settlement;

WHEREAS, in evaluating the proposed settlement provided for herein, the Parties have considered: the substantial benefit being provided by the proposed Settlement, including its resolution in the context of a global settlement of all shareholder claims relating to stock options; the uncertainties of the outcome of this Action; the cost to Comverse of this Action in which it is advancing defendant's legal fees pursuant to his employment agreement; the likelihood that the resolution of the claims in the Complaint, whenever and however determined, would be submitted for appellate review; and that as a consequence of such appellate review, there would

be yet additional time until there would be a final adjudication of the claims and defenses asserted, and additional legal fees which could reduce the amount of any ultimate recovery (whether on a litigated judgment, if plaintiff were to prevail, or settlement).

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, for good and valuable consideration, the sufficiency of which is hereby acknowledged, as follows:

1.      As soon as practicable after this Stipulation has been executed, the Parties shall move to transfer this Action so that it can be coordinated with the Federal Derivative Action and, upon transfer of the action, shall move before the Honorable Nicholas Garaufis: (i) for preliminary approval of this settlement and the form of notice to shareholders; and (ii) for entry of a Preliminary Order, substantially in the form annexed hereto as Exhibit A.

2.      In order to coordinate the consideration and approval of the Settlement in this Action with the Court's consideration and approval of a settlement in the Federal Derivative Action, there shall be a single Notice of Pendency and Settlements of Shareholder Actions and of Settlement Hearing (the "Notice") regarding both this Action and the Federal Derivative Action, and a single Summary Notice of Pendency and Settlement of Shareholder Actions and of Settlement Hearing ("Publication Notice") regarding both this Action and the Federal Derivative Action, which Notice and Publication Notice are attached hereto as Exhibits B and C, respectively.

3.      The Parties agree and the form of Preliminary Order annexed hereto provides that Comverse shall at its sole cost and expense notify its shareholders of the Settlement and Settlement Hearing by (1) causing the Notice to be filed by the Company in a Form 8-K with the SEC, along with a copy of this Stipulation as an exhibit to the Form 8-K, (2) posting the Notice

and this Stipulation on the Company's website through the date of the Settlement Hearing, and

(3) publishing the Publication Notice in the Wall Street Journal.

4.     At least seven (7) days prior to the Settlement Hearing, Comverse's counsel shall

file with the Court and serve on Plaintiffs' Counsel proof, by affidavit or declaration, of such

SEC filing, website posting, and publication.

5.     If the settlement contemplated by this Stipulation is approved by the Court after

Notice and a hearing on the fairness of the settlement, counsel for the Parties shall request that

the Court enter an Order and Final Judgment (the "Order" or "Final Judgment"), substantially in

the form annexed hereto as Exhibit D, the provisions of which are hereby incorporated by

reference as if set forth in full herein.  The Order shall become final either by expiration of the

time for appeal or review of such Order, or, if any appeal is filed and not dismissed, after the

Order is affirmed on appeal and is no longer subject to review upon appeal or review by writ of

certiorari.

6.     On or before the 10th business day after the Order approving the settlement

becomes final, defendant shall wire transfer to the Company the amount of one hundred fifty

thousand dollars ($150,000).  In addition, defendant will, conditioned upon the Order approving

the settlement becoming final, relinquish all right, title, and interest that he has in and to 92,500

outstanding unexercised options (the "Options") to acquire shares of the Company's common

stock and agrees that all rights to exercise such Options, including his rights under stock option

grant agreements, shall be cancelled and shall be deemed null and void.  Between the date of the

execution of this Stipulation and the time at which the Company cancels the 92,500 Options,

defendant will refrain from transferring, exercising, disposing, or taking any other action with

respect to the Options.  In addition, Koren releases, waives and forfeits any and all claims against

Comverse, its affiliated companies, subsidiaries, directors and officers relating to deferred compensation or Comverse's purchase of his equity interest in investments, or any other compensation relating to his employment.  The cash payment and relinquishment of rights described in this paragraph 6 is referred to herein as the "Settlement Payment."

7.      Entry and finality of the Order is a condition precedent to defendant's obligation to make the Settlement Payment.

8.      In the event that the Court does not enter the Order approving the settlement, or such Order does not become final, this Stipulation shall be null and void (except as to this Paragraph 8), and the Parties shall be returned to their positions *nunc pro tunc* as they existed on the date prior to the settlement, and without prejudice in any way.

9.      In consideration of the Settlement Payment referred to above, and upon the order approving the Settlement becoming final, plaintiff and Comverse jointly and severally release and discharge defendant and any and all current and former directors and officers (including the "John Does" referenced in the Amended Complaint) of the Company from claims for alleged violations of Section 16(b) of the Exchange Act and Rule 16a-1 (17 C.F.R. § 240.16a-1) promulgated thereunder, including from any and all liability and damages under or based upon any and all, known or unknown, alleged violations of Section 16(b) of the Exchange Act and Rule 16a-1 (17 C.F.R. § 240.16a-1) promulgated thereunder, that have been, could have been and might have been asserted in the Action, on behalf of plaintiff, any other person or entity, Comverse, and/or any and all owners of any security (as defined in Section 3(a)(10) of the Exchange Act) issued by Comverse, or any of them, whether individually, directly, representatively, derivatively or in any other capacity, against defendant.

10.     In consideration of, among other things, the releases referenced in paragraph 9 above, defendant and Comverse jointly and severally release and discharge plaintiff and his counsel from all claims, known or unknown, arising from or relating to the Action, including any claim for attorneys' fees, interest and costs.

11.     This Stipulation and all negotiations and papers related to it, and any proceedings in connection with the settlement, whether or not the settlement becomes final or is consummated, are not and shall not be construed to be evidence of, or an admission by, any of the Parties respecting the validity or invalidity of any of the claims or defenses asserted in the action or of defendant's liability or lack of liability with respect to any such claim or for any damages sought in the Action, or of any wrongdoing or lack of wrongdoing by any or all of them whatsoever, and shall not be offered for admission or received as evidence of any such liability or wrongdoing or damages, or lack thereof. The defendant does not admit, either expressly or implicitly, that it is subject to any liability whatsoever by reason of any of the matters alleged in the Amended Complaint or referenced in the Stipulation, or that there is any merit to any of the claims for damages suffered therein.   The defendant, on the contrary, expressly denies and disputes the existence of any such liability or damages.

12.     Plaintiff's counsel will apply to the Court, on notice to counsel for defendant and Comverse, and to the shareholders of Comverse in the Notice, of an award of attorneys' fees and reimbursement of costs and expenses which award (inclusive of costs and expenses) shall not exceed $250,000.  Such attorneys' fees and expenses as may be awarded by the Court are to be paid by the Company on or before the 10th business day after receipt of the Settlement Payment. Neither defendant nor Comverse shall oppose, object or take any position or action that is

detrimental to Plaintiffs' application for attorneys' fees, expenses and costs to the extent the application does not exceed $250,000.

13.     This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original version of this Stipulation and all of which, when taken together shall be deemed to constitute one and the same agreement, provided, that no party shall be bound hereby unless and until all parties shall have executed and delivered this Stipulation.

14.     The individuals signing this Stipulation represent that they have the authority to execute this Stipulation, to grant releases in this Stipulation and to compromise and settle all claims and defenses relating to the Action.

15.     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties hereto.

16.     The Parties shall use their best efforts to execute such documents and shall take such other reasonable action as is necessary to effectuate the Stipulation, as provided for herein.

Dated: New York, New York
      March 25, 2010

BAKER BOTTS LLP

By: _____
        Seth T. Taube (ST-6088)

30 Rockefeller Plaza
New York, New York 10112
(212) 408-2500

*Attorneys for Defendant Yaacov Koren*


ABRAHAM FRUCHTER & TWERSKY LLP

By: _____
        Mitchell M.Z. Twersky (MT-6739)

One Penn Plaza
Suite 2805
New York, New York 10119
(212) 279-5050

*Attorneys for Plaintiff Mark Levy*

detrimental to Plaintiffs' application for attorneys' fees, expenses and costs to the extent the application does not exceed $250,000.

      13.    This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original version of this Stipulation and all of which, when taken together shall be deemed to constitute one and the same agreement, provided, that no party shall be bound hereby unless and until all parties shall have executed and delivered this Stipulation.

      14.    The individuals signing this Stipulation represent that they have the authority to execute this Stipulation, to grant releases in this Stipulation and to compromise and settle all claims and defenses relating to the Action.

      15.    This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties hereto.

      16.    The Parties shall use their best efforts to execute such documents and shall take such other reasonable action as is necessary to effectuate the Stipulation, as provided for herein.

Dated: New York, New York
       March 25, 2010

BAKER BOTTS LLP

By:_____
      Seth T. Taube (ST-6088)

30 Rockefeller Plaza
New York, New York 10112
(212) 408-2500

*Attorneys for Defendant Yaacov Koren*

ABRAHAM FRUCHTER & TWERSKY LLP

By:_____
      Mitchell M.Z. Twersky (MT-6739)

One Penn Plaza
Suite 2805
New York, New York 10119
(212) 279-5050

*Attorneys for Plaintiff Mark Levy*

WEIL, GOTSHAL & MANGES LLP

By: _____
     Miranda S. Schiller (MS-9456)

767 Fifth Avenue
New York, New York 10153
(212) 310-8000

*Attorneys for Nominal Defendant*
*Comverse Technology, Inc.*